**HARLEYSVILLE MUTUAL INSURANCE COMPANY, Plaintiffs,**

v.

**RELIANCE NATIONAL INSURANCE COMPANY and Ranger Insurance Company, Defendants.**

**No. 1:00 CV 00097.**

United States District Court, M.D. North Carolina.

April 8, 2003.

David Leonard Brown, Martha Perkowski Brown, Pinto Coates Kyre & Brown, PLLC, Greensboro, NC, for Plaintiff.

Larry I. Moore, II, Johnson Younce Moore & Moseley, L.L.P., Greensboro, NC, Joe E. Biesecker, Biesecker Tripp Sink & Fritts, L.L.P., Lexington, NC, for Defendants.

## ORDER OF ABSTENTION

SHARP, United States Magistrate Judge.

This is a declaratory judgment action wherein the Court was asked by the original pleadings to declare the rights and obligations of three insurance companies arising out of a fatal collision that occurred on November 15, 1997. On June 26, 2002, this Court entered its Memorandum Opinion and Order declaring the rights of Harleysville Mutual Insurance Company and Ranger Insurance Company, *inter se*, with regard to the insurance policies put in issue by the pleadings in this action. The Court's Order did not resolve all matters raised in the pleadings, however, as the Court noted that adjudication with regard to Reliance National Insurance Company and its related insurance policy apparently remained stayed pursuant to an Order of Liquidation [of Reliance] entered in the Commonwealth Court of Pennsylvania on October 3, 2001. The Order of Liquidation specifically stayed and enjoined all lawsuits against Reliance, wherever pending. *See* Pleading No. 185, Exh. A, ¶ 22. In light of this stay order, counsel for Reliance was allowed, without objection, to withdraw from this action, and this Court did not reach issues relating to Reliance in the June 26 Order. The Court invited the consideration of counsel for Harleysville and Ranger concerning the form of judgment that should be entered after the June 26 Order in light of the Pennsylvania stay of proceedings relating to Reliance.

Harleysville took the position that the Court should not abstain from proceeding to judgment regarding Reliance despite the stay order and Order of Liquidation entered by the Pennsylvania court. Before considering the abstention issue, the Court provided Reliance with an opportunity to re-enroll counsel of record in order to address the abstention issue. On October 17, 2002, Reliance filed a comprehensive brief, urging this Court to recognize the Pennsylvania stay order and Order of Liquidation and to abstain from adjudicating issues relating to Reliance. Harleysville and Ranger filed reply briefs, arguing that this is not a proper case for abstention, and the Court should proceed with deciding the remaining issues in the case, including a declaration of the rights and obligations of Reliance.

In its discretion, the Court determines that it should abstain from adjudicating issues in this litigation that relate to Reliance National Insurance Company. Abstention is necessary in order to avoid interfering with the liquidation action against Reliance proceeding under the auspices of the Insurance Commissioner of the Commonwealth of Pennsylvania and the Commonwealth Court of Pennsylvania. *See generally Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Accordingly, the Court will now enter its final judgment, declaring the rights of Harleysville and Ranger, *inter se*, and abstaining from issues that implicate the rights and obligations of Reliance.

In *First Penn–Pacific Life Ins. Co. v. Evans*, 304 F.3d 345 (4th Cir.2002), *cert. denied*, — U.S. ——, 123 S.Ct. 1622, 155 L.Ed.2d 484 (2003), the court of appeals set out the proper considerations for the district court in evaluating possible *Burford* abstention. As the court wrote:

[A] federal court's exercise of discretion in deciding whether to invoke *Burford* abstention "must reflect principles of federalism and comity." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (internal quotation omitted). These constitutional commitments require federal courts to "exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." *Burford*, 319 U.S. at 318, 63 S.Ct. 1098, 87 L.Ed. 1424 (internal quotation omitted). Courts should abstain from deciding cases presenting "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," or whose adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) ("*NOPSI* ") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Abstention is also "the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236, 47 L.Ed.2d 483.

The Supreme Court's decisions "do not provide a formulaic test for determining when dismissal under *Burford* is appropriate." *Quackenbush*, 517 U.S. at 727, 116 S.Ct. 1712, 135 L.Ed.2d 1. Nevertheless, the general concern that should inform a federal court's discretion is clear enough:

> Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," *Burford*, 319 U.S., at 334, 63 S.Ct. 1098, 87 L.Ed. 1424, that the State's interests are paramount and that a dispute would best be adjudicated in a state forum.

*Id.* at 728, 517 U.S. 706.

*First Penn–Pacific*, 304 F.3d at 348.

In the case at bar, the dispute regarding the rights and obligations of Reliance implicates an insurance company that is currently in the midst of a liquidation proceeding initiated by the Insurance Commissioner of Pennsylvania and overseen by the Commonwealth Court of Pennsylvania. Unquestionably, the administration of the liquidation of an insurance company is a matter of paramount state concern, and it is clear the Pennsylvania has in place a comprehensive scheme for liquidating insolvent state-chartered insurance carriers. The proceeding with respect to Reliance began as a Rehabilitation and became a Liquidation when Commonwealth Judge James G. Colins found and declared Reliance to be insolvent. *See* Pleading No. 185, Exh. A. The orderly liquidation of Reliance is "a matter of substantial public concern" and state interest. *See Colorado River*, 424 U.S. at 814, 96 S.Ct. 1236. The Commonwealth of Pennsylvania has created a unified and specialized regulatory scheme under the Pennsylvania Insurance Code, and this Court recognizes the great importance of maintaining the administration of all claims against Reliance within the liquidation proceeding.

Allowing this action to proceed in federal court would expose the Pennsylvania Commissioner ("the Liquidator") to litigating in multiple fora throughout the country wherever Reliance does business. The mere expense of widespread litigation would tend to dissipate the assets of the

insolvent insurance company when compared to centralized litigation under the claims procedure in the Commonwealth of Pennsylvania. *Cf. First Penn–Pacific Life Ins. Co. v. Evans,* 304 F.3d at 349. Moreover, proceeding in this forum would constitute a refusal to recognize the stay order specifically entered by the Commonwealth Court. A final ruling by this Court would immediately create difficult questions of Pennsylvania law, as Paragraph 24 of the Liquidation Order provides that "[n]o judgment or order against Reliance or its insureds entered after the date of filing of the Petition for Liquidation ... need be considered as evidence of liability or quantum of damages by the Liquidator." (Pleading No. 185, Exh. A, ¶ 24.)

In sum, the Court considers this case, as it relates to Reliance, to be appropriate for *Burford* abstention. In its discretion, the Court therefore abstains from ruling on issues that relate to Reliance. Since the rights and obligations of Harleysville and Ranger, *inter se,* have already been fully declared in the Memorandum Opinion and Order of June 26, 2002, final judgment in this action will be entered contemporaneously with this Order of Abstention.

### J–U–D–G–M–E–N–T

For reasons set forth in the Memorandum Opinion and Order of June 26, 2002, and the Order of Abstention entered contemporaneously herewith,

**IT IS ORDERED, ADJUDGED, AND DECLARED** that the Harleyville policy in issue in this litigation provides coverage to DCAA for the assumption by DCAA of the liability of Norfolk Southern Railway Company. **IT IS FURTHER ORDERED AND ADJUDGED** that the Court abstain from declaring rights and obligations of the parties that would implicate the rights and obligations of Reliance National Insurance Company, an entity in liquidation proceedings in the Commonwealth of Pennsylvania. Such rights and obligations are more appropriately determined within the Pennsylvania liquidation proceedings.